IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **JULIUS TYRONZA ANDREWS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-2360-SHM-tmp |
| | ) |
| **GLENDA ADAMS and** | ) |
| **TRINA S. DYE,** | ) |
| | ) |
| Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

On May 23, 2017, *pro se* plaintiff Julius Tyronza Andrews filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) Andrews also filed a motion for leave to proceed *in forma pauperis*, which the court granted on May 24, 2017. (ECF Nos. 2; 7.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that Andrews's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   PROPOSED FINDINGS OF FACT

Andrews alleges that Glenda Adams, an assistant district attorney for Shelby County, and Andrews's wife, Trina S. Dye,

conspired to frame him for felony domestic assault.  (ECF No. 1 at 2.)  Andrews submits the following facts in support of his claim:

> Glenda Adams, state prosecutor for Shelby Co. Conspired with Trina S. Dye to frame her husband, Julius T. Andrews in a Felony Case of domestic Assault case.  Violations of plaintiffs rights and amendment right's.  With holding evidence to lawyer!  See: Attachment's [*sic*].

(Id.)  Adams attached a complaint filed with the Memphis branch of the NAACP, which does not list any additional facts.  (Id. at 5-6.)  On this basis, Andrews alleges claims for fraud in the inducement, "insufficient evidence," violations of his Sixth, Eleventh, and Fourteenth Amendment rights, and numerous violations of the Rules of Professional Conduct.  (Id. at 3, 6.)  Andrews also cites two Tennessee state cases for the general proposition that prosecutors have a "duty to seek justice rather than advocate for the state's victory at any cost."  (Id. at 3, 6.)  Andrews seeks $15,000.00 in damages, which includes the return of bond money and lost wages.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint

-2-

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

Andrews's complaint is styled as an action brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The factual allegations in Andrews's complaint are insufficient to state a plausible claim for relief under § 1983.[1] Andrews merely asserts that Adams and Dye conspired to frame him for domestic assault. He includes neither additional facts nor any description of how this conspiracy occurred or violated his rights. Thus, his complaint contains only "a blanket assertion[] of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Because such conclusory allegations are insufficient to state a plausible claim for relief, the complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Iqbal, 556 U.S. at 679.

In addition, Andrews cannot maintain an action under § 1983 against his wife, Trina S. Dye, because she is not a "state actor" and did not act "under color of law." See Moldowan v. City of Warren, 578 F.3d 351, 399 (6th Cir. 2009). This circuit recognizes three tests for determining when private conduct is fairly attributable to the state: public function, state compulsion, or nexus. Id. Beyond the bare allegation that Dye "conspired" with the prosecutor, Andrews does not describe Dye's conduct at all. Thus, nothing in the complaint supports the conclusion that Dye's private conduct is fairly attributable to the state.

---

[1]This court will consider Andrews's NAACP complaint as part of the

## III. RECOMMENDATION

For the reasons stated above, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 23, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

pleadings.  See Brown, 415 F. App'x at 613.