IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JULIUS TYRONZA ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-2360-SHM-tmp |
| ) | |
| GLENDA ADAMS and TRINA S. DYE, ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated August 23, 2017 (the "Report"). (ECF No. 8.) The Report recommends that the Court *sua sponte* dismiss Plaintiff Julius Tyronza Andrews's claims against Defendants Glenda Adams and Trina Dye. (Id. at 22.) Plaintiff has not objected to the Report.

For the following reasons, the Report is ADOPTED. The action is DISMISSED.

I. Background

On May 23, 2017, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (ECF No. 1.) The Complaint alleges:

> [Defendant] Adams, state prosecutor for Shelby Co. Conspired with [Defendant] Dye to frame her husband, [Plaintiff] in a Felony Case of domestic Assault case.

> Violations of plaintiffs rights and amendment right's.
> With holding evidence to lawyer! See: Attachment's.

(ECF No. 2.)

The Complaint alleges that Defendant Adams "is in violation of [Plaintiff's] rights as [f]ollow[s] . . . 1) Rule 1.3: Diligence, 2) Rule 1.4: Communication, 3) Rule 1.6: Confidentiality of Information, (3)(b)(c), 4) Rule 2.1: Advisor, 5) Rule 3.2: Expediting Litigation[,] 6) Rule 3.4: Fairness to Opposing Party and Counsel, [and] 7) Rule 3.8: Special Responsibilities of a Prosecutor." (ECF No. 1 at 3.) The Complaint also alleges that Defendant Adams has violated her "responsibility of a minister of justice whose duty is to seek justice rather than merely to advocate [f]or the state's victory at any cost." (Id.) Plaintiff seeks $15,000 in damages. (Id. at 4.)

Attached to Plaintiff's Complaint is a Complaint of Discrimination filed with the Memphis Branch of the National Association for the Advancement of Colored People. (ECF No. 1-1 at 5-6.) The Complaint of Discrimination alleges that Plaintiff has been discriminated against on the basis of his race. (Id. at 5.) The Complaint of Discrimination alleges: "1) Fraud Indictment, 2) Insufficient evidence, 3) 6th Amendment Violation, Fast and speedy trial, 4) 11th Amendment Violation, Due Diligence, 5) 14th Amendment Violation, Due Process of Law, 6) Rule 8: Rules of Professional Conduct." (Id. at 6.) The Complaint

2

of Discrimination also repeats the allegations in the Complaint. (Id.)

On May 23, 2017, Plaintiff also applied to proceed *in forma pauperis*. (ECF No. 2.) On May 24, 2017, the Court entered an Order granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7.)

On August 23, 2017, United States Magistrate Judge Tu M. Pham entered the Report. (ECF No. 8.) The Report recommends "that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(ii)" because Plaintiff's "conclusory allegations are insufficient to state a plausible claim for relief." (Id. at 21-22.)

**II. Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

3

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiff has not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

### III. Conclusion

For the foregoing reasons, the Report is ADOPTED. The action is DISMISSED.

So ordered this 30th day of March, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE